UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESUS AGUILAR, HUGO CANTON, GREGORY OWENS and JASON EATON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v<br><br>CITIZENS AUTOMOBILE FINANCE, INC.; RBS CITIZENS, N.A., and DOES 1-50,<br><br>Defendants.<br>_____/ | Case No. C10-05345 (JSW)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br><br>Date: ~~July 6, 2012~~<br>Time: 9:00 a.m.<br>Courtroom 11 – 19th Floor<br>Hon. Jeffrey S. White |

**THIS MATTER HAVING** come before this Court for an Order preliminarily certifying a settlement class and preliminarily approving a settlement between the Plaintiffs JESUS AGUILAR, HUGO CANTON, GREGORY OWENS and JASON EATON ("Plaintiffs"), individually and on behalf of the proposed Settlement Class ("Class"), and Defendants CITIZENS AUTOMOBILE FINANCE, INC. ("CAFI") and RBS CITIZENS, N.A ("Citizens"), and this Court having reviewed the Settlement Agreement and attachments thereto, executed by the parties, and submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, and the parties having consented to the entry of this Order;

**IT IS HEREBY ORDERED** as follows:

1. This Order of Preliminary Approval incorporates the Settlement Agreement, and the terms used in this Order shall have the meanings and/or definitions given to them in the

1

Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

For purposes of the Settlement, and conditioned upon the Settlement receiving final approval following the Final Approval Hearing and upon the occurrence of the Effective Date of Settlement, this Court hereby conditionally certifies a Settlement Class, defined as follows:

All persons:

(1) who purchased a motor vehicle and, as part of that transaction, entered into an agreement allegedly subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*,

(2) whose contract was assigned to CAFI or RBS CITIZENS,

(3) whose motor vehicle was repossessed or voluntarily surrendered,

(4) who were issued an NOI by CAFI or RBS CITIZENS from May 20, 2005 to June 30, 2011, and

(5) against whose account a deficiency balance was assessed in any amount.

2. Without prejudice to Final Approval, the Settlement, on the terms and conditions stated therein, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. This Court specifically finds that the Settlement resulted from extensive arms-length negotiation, in mediation, the Settlement is sufficient to warrant dissemination of notice of the Settlement and of the Final Approval Hearing on said Settlement to the Settlement Class, and the Class Representatives and Class Counsel are provisionally found to fairly and adequately represent the interests of the Class and to satisfy the requirements to be representatives of and counsel to the Class.

3. A Final Approval Hearing shall be held on ___December 7___, 2012 at 9:00 a.m. before

the Honorable Jeffrey S. White in Courtroom 11 of UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) whether the Settlement should be finally approved by this Court; (c) the application of Class Counsel for an award of Attorneys' Fees and Expenses; (d) the application of an incentive award to the Class representatives; and (e) such other matters as this Court may deem proper and necessary.

4. The Class Notice of the proposed Settlement is attached to the Settlement Agreement as Exhibit B and is hereby approved for the purpose of notifying the Class as to the proposed Settlement, the Final Approval Hearing, and the rights of members of the Class, and it shall be sent substantially in the form approved to the members of the Class. Kurtzman Carson Consultants is appointed as the Class Administrator and shall be responsible for implementing the Notice to the Settlement Class.

5. As set forth in the Settlement Agreement, the Class Administrator shall provide individual notice to all borrowers (1) who purchased a motor vehicle and, as part of that transaction, entered into an agreement allegedly subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*, (2) whose contract was assigned to CAFI or RBS CITIZENS, (3) whose motor vehicle was repossessed or voluntarily surrendered, (4) who were issued an NOI by CAFI or RBS CITIZENS from May 20, 2005 to June 30, 2011, and (5) against whose account a deficiency balance was assessed in any amount.

6. The notice shall be sent by the Class Administrator to the respective members of the Settlement Class via first class postage pre-paid U.S. Mail within 30 days of the issuance of this Order.

7. Prior to the Final Approval Hearing, the Class Administrator shall provide a declaration

to the Court, with a copy to Class Counsel, and counsel for Citizens, attesting to the measures undertaken to provide the Class Notice to the members of the Settlement Class.

8. The Class Notice of the proposed Settlement to the Settlement Class, as set forth in Exhibit B to the Settlement Agreement, and approved by this Order, is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their right to participate in, object to, or exclude themselves from the Settlement. This Court further finds that the Class Notice of the proposed Settlement is due and sufficient notice of the Final Approval Hearing, the Settlement, the application for attorneys' fees, and expenses, and incentive award, and other matters set forth therein, and that the Class Notice of the proposed Settlement fully satisfies the Federal Rules of Civil Procedure and due process of law, to all persons entitled thereto. All costs and expenses incurred in connection with disseminating the Class Notice to the Settlement Class shall be paid out of the Cash Payment being paid by Citizens under Section 2.22 of the Settlement Agreement.

9. Any Settlement Class Member who intends to object ("Objector") to the fairness, reasonableness and adequacy of the Settlement ("Objections") must file a written Objection with the Class Administrator and mail a copy to Citizens counsel, and to Class Counsel at the addresses set forth below, postmarked not later 60 days after the date the Class Notice is mailed to the Settlment Class. Any Objector must set forth his/her full name, current address and telephone number. Objections must be served:

Upon Class Administrator at:

Kurtzman Carson Consultants
75 Rowland Way
Suite 250
Novato, CA 94945

Upon Citizens at:

Mark C. Dosker/Julie E. Schwartz

Squire Sanders (US) LLP
275 Battery St., Suite 2600
San Francisco, CA 94111

Upon Class Counsel at:

Bryan Kemnitzer
KEMNITZER, BARRON & KRIEG
445 Bush Street, 6th Floor
San Francisco, CA 94108

10. Objectors must state in writing all Objections and the reasons thereto, and a statement regarding whether the Objector intends to appear at the Final Approval Hearing(s). No Objector shall be entitled to be heard at the Final Approval Hearing, and no written objections or briefs submitted by an Objector shall be received or considered by this Court at the Final Approval Hearing unless the Objector has fully complied with all terms and conditions set forth in the Notice of Proposed Settlement as approved herein, and as set forth in the Settlement Agreement. If an Objection is overruled, the Objector will be bound by the terms of the Settlement. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement or Settlement Agreement.

11. Members of the Settlement Class may elect to exclude themselves from the Settlement Agreement, relinquishing their rights to any and all benefits under the Settlement Agreement. Members of the Settlement Class who exclude themselves from the Settlement will not release their claims pursuant to the release set forth in the Settlement Agreement. A Settlement Class Member wishing to exclude himself or herself from the Settlement must so notify the Class Administrator by letter postmarked no later than 60 days after the date the Class Notice is mailed to the Settlment Class) which in all respects complies with the terms and conditions for exclusion as set forth in the Class Notice of the proposed Settlement, approved herein. Members of the

[Proposed] Order Certifying Class for Settlement Purposes, Granting Preliminary Approval of Class Settlement

Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

12. Any member of the Settlement Class who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

13. The Court shall hold a Final Approval Hearing in this matter on ___December 7___, 2012. Class Counsel shall file their Motion for Final Approval and all supporting papers not later than twenty-one (21) days before the deadline for filing objections.

14. In the event that (a) this Court does not finally approve the Settlement as provided in the Settlement Agreement; (b) this Court does not enter the Final Order and Judgment as provided in all material respects and substantially in the form set forth in the Settlement Agreement; or (c) the Settlement does not become final for any other reason, and the Parties, following reasonable efforts, do not agree in writing to modify the Settlement Agreement and the Settlement is not consummated, the Settlement Agreement shall be null and void and any order or judgment entered by this Court in furtherance of this Settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed and the Parties shall in no way be prejudiced in proceeding with or defending this litigation, the conditional class certification effected herein will be null and void, and Citizens shall have the right to object to certification of the Settlement Class or any other class at any future time.

15. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this

Court.

16. All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

17. The parties are directed to carry out their obligations under the Settlement Agreement.

## Summary of Applicable Dates

|    | Preliminary Order Issued | July 3, 2012 |
|----|--------------------------|--------------|
| 1. | Class Notice to be sent by | August 6, 2012 |
| 2. | Motion for Attorneys' Fees and Costs filed by | October 5, 2012 |
| 3. | Exclusion from the Settlement Class postmarked by | October 4, 2012 |
| 4. | Objection to the Settlement postmarked by | October 4, 2012 |
| 5. | Motion for Final Approval filed by | November 2, 2012 |
| 6. | Class Administrator Declaration filed by | November 26, 2012 |
| 7. | Final Approval hearing | December 7, 2012 |

**SO ORDERED**

Dated: July 3, 2012

*/s/ Jeffrey S. White*

The Honorable Jeffrey S. White
United States District Judge