IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AGUILAR, et al., | |
|     Plaintiffs, | No. C 10-05345 JSW |
|     v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| CITIZENS AUTOMOBILE FINANCE, INC., et al., | |
|     Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 7, 2012 at 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

1    The Court **tentatively grants** the motion for final approval and the motion for fees and
2 costs.  The Court **tentatively overrules** the objection submitted by Antonio Navarette and
3 **tentatively denies** his alternative request for exclusion.

4    The parties shall have ten (10) minutes to address the following questions:

5    1.   In his letter, dated October 24, 2012, Plaintiffs' counsel states that he told Mr.
6 Navarette's counsel that Mr. Navarette "is part of the settlement or ... is excluded," but could
7 not do both.  (Docket No. 113, Declaration of Bryan Kemnitzer, Ex. D.)  That language does
8 not comport with Mr. Kemnitzer's statement that "it is [his] understanding that [Mr. Navarette]
9 does not object to the settlement," and has requested that he be excluded.  (Kemnitzer Decl., ¶
10 5.)

11   a.   Is either Mr. Navarette or his counsel present in court for the hearing?  If so,
12        what is their position on whether Mr. Navarette objects or seeks to be excluded?
13   b.   Did Mr. Kemnitzer speak with Mr. Navarette's counsel *after* he sent the letter on
14        October 24, 2012?
15   c.   How do Plaintiffs, and if Mr. Navarette is present, how does he respond to
16        Defendants' position that (a) Mr. Navarette is a member of the settlement class;
17        and (b) that his request to be excluded from the settlement is improper and
18        untimely?

19   2.   Have there been any additional objections or requests for exclusion since
20 November 16, 2012?

21   3.   Have the parties complied with the provisions of 28 U.S.C. § 1715 and, if so,
22 where in the record can the Court find proof of compliance?  *See* 28 U.S.C. § 1715(d).

23   **IT IS SO ORDERED.**

24 Dated: December 3, 2012

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2