IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AGUILAR, et al., | |
| Plaintiffs, | No. C 10-05345 JSW |
| v. | **ORDER RULING ON OBJECTION AND ALTERNATIVE REQUEST FOR EXCLUSION** |
| CITIZENS AUTOMOBILE FINANCE INC, et al., | |
| Defendants. | |

On December 7, 2012, the parties in this matter appeared for a hearing regarding final approval of a class action settlement. Antonio Navarette ("Mr. Navarette") and his counsel, Jose R. Valdez, also were present at the hearing and presented argument regarding Mr. Navarette's objection to and alternative request for exclusion from the settlement. (*See* Supplemental Declaration of Stephanie Gardella in Support of Notice Procedures, Ex. B ("Navarette Objection/Exclusion").)[1]

For the reasons set forth in this Order, the Court does not stand by its tentative ruling, and it shall treat Mr. Navarette's notice as a request to be excluded. The Navarette Objection/Exclusion was timely filed. Although it is framed as an objection with an alternative request for an exclusion, the document reflects Mr. Navarette's desire to pursue the counterclaim in his state court action. Those statements can be construed as expressing a preference to opt-out, and are supported by Mr. Valdez' declaration in which he attests that

---

[1] Although the document was signed only by Mr. Navarette, his counsel attests that he prepared the document "in an attempt to preserve [the] state court action." (Declaration of Jose Valdez ("Valdez Decl."), ¶ 3.)

"Mr. Navarette's preference was to opt out." (Valdez Decl., ¶ 8.) Finally, at the hearing, Mr. Valdez argued that Mr. Navarette's concern was that he would be left without a remedy if he chose to exclude himself from the Settlement.

As such, the Court shall construe Mr. Navarette's notice as a request for exclusion, and he is excluded from the Settlement Class.

**IT IS SO ORDERED.**

Dated: December 14, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2