UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESUS AGUILAR, HUGO CANTON, GREGORY OWENS and JASON EATON, on behalf of themselves and all others similarly situated, | Case No. C 10-05345JSW |
| Plaintiffs, | **CLASS ACTION** |
| v | [PROPOSED] **FINAL ORDER AND JUDGMENT** |
| CITIZENS AUTOMOBILE FINANCE, INC.; RBS CITIZENS, N.A., and DOES 1-50, | Date:<br>Time:<br>Dept.:<br>Hon. Jeffrey S. White |
| Defendants. | |

THIS MATTER HAVING come before the Court for a hearing on December, 7 2012 pursuant to the motion filed to determine whether the Settlement Agreement between the named Plaintiffs ("Plaintiffs"), JESUS AGUILAR, HUGO CANTON, GREGORY OWENS and JASON EATON, individually and on behalf of the proposed Settlement Class ("Class"), and Defendants CITIZENS AUTOMOBILE FINANCE, INC.; RBS CITIZENS, N.A ("Citizens") is fair and reasonable and should be approved as being in the best interests of the Class, and for the purpose of determining attorneys' fees and costs to be awarded, Notice of the hearing, the Settlement and application for attorneys' fees and reimbursement of expenses having been given pursuant to the Settlement and as set forth in this Court's Preliminary Approval Order of July 3_____, 2012 and proof of notice having been filed with the Court, All persons present or represented at the hearing, who were entitled to be heard pursuant to the Notice, having been given an opportunity to be heard, Counsel for the parties having appeared in support of the

1

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL120305.DOC

Settlement, and The Court having considered all documents filed in support of the Settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court, **and having ruled on the Objection/Exclusion filed by Antonio Navarette in a separate order issued this date,**

**IT IS ORDERED, ADJUDGED AND DECREED that:**

1.      This Final Judgment incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

2.      This Court has jurisdiction over the subject matter of this action and over all parties to this Action, including all members of the Settlement Class as that term is defined herein.

3.      This Court certifies this Action, for settlement purposes only, as a Class Action.

4.      The following Settlement Class, provisionally certified by the Court in its Order dated _____July 3_____, 2012, is hereby certified under Federal Rule of Civil Procedure 23 for settlement purposes only, and is hereinafter referred to as the "Class":

All persons who:

(1)     purchased a motor vehicle and, as part of that transaction, entered into an agreement allegedly subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.,*

(2)     whose contract was assigned to CAFI or RBS CITIZENS,

(3)     whose motor vehicle was repossessed or voluntarily surrendered,

(4)     who were issued an NOI by CAFI or RBS CITIZENS in the period May 20, 2005 through June 30, 2011, and

(5)     against whose account a deficiency balance was assessed in any

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL.120305.DOC

amount.

5.      This Court finds on the record before it that the Class meets the requirements for class certification for settlement purposes as the Class is so numerous that joinder of all members is impracticable.

6.      This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as questions of law or fact common to the issues to be reviewed in connection with the Settlement predominate over the questions affecting only individual members for the purpose of implementing the Settlement in accordance with the Settlement Agreement.

7.      This Court finds on the record before it that the Class meets the requirement for class certification for settlement purposes as Plaintiffs' claims are typical of the claims of the Class as a whole.

8.      This Court finds on the record before it, that the Class meets the requirements for class certification for settlement purposes as Plaintiffs and their Class Counsel have adequately represented and will continue to adequately represent and protect the interests of the Class.

9.      This Court finds on the record before it that the Class is appropriate for certification for settlement purposes as certification of the Class for settlement purposes only by this Court in this action is superior to other available methods for the fair and efficient adjudication of the issues before this Court at this time.  Manageability issues do not prevent certification here because there will be no trial.

10.      The individual Notice by mail, given to each member of the Class at updated mailing addresses, constitutes the best notice practicable and is in full compliance with the requirements of the Federal Rules of Civil Procedure and due process of law.

11.      This Court finds that the Settlement and the Settlement Agreement are the product

3

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL120305.DOC

of arm's length negotiations between the parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Class and are therefore approved and incorporated herein by the Court.

12.   The Settlement and Settlement Agreement should be implemented and consummated in accordance with the terms of the Settlement Agreement. To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

13.   Upon the Effective Date of Settlement, the Plaintiffs and all Settlement Class Members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged Citizens and any of its present and former officers, directors, attorneys, accountants, representatives, employees, heirs, insurance carriers, predecessors, affiliates, agents, and successors in interest from any and all Released Claims as that term is defined in the Settlement Agreement.

14.   This action is hereby dismissed, on the merits, with prejudice, on the terms set forth in the Settlement Agreement, and without any award of attorneys' fees or costs except as expressly provided in the Settlement Agreement and in this Final Order and Judgment.

15.   The terms of the Agreement and this Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Class Members. This Court hereby bars and enjoins: (i) All Class Members, and all persons acting on behalf of, or in concert or participation with, such Class Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Class Member, based upon or asserting any of the Released Claims; and (ii) All Class Members, and all persons acting on behalf of or in concert or participation with such Class Members, from bringing a class action on behalf of

4

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL120305.DOC

Class Members or seeking to certify a class which includes such Class Members, in any lawsuit based upon or asserting any of the Released Claims.

16.    Attached to this Judgment as **Exhibit 1** is a true and correct list of all Class Members who timely submitted Requests for Exclusion.  No Class Members, other than those listed in Exhibit 1, are excluded from the Class, or from the effect of this Judgment.

17.    It is expressly determined that there is no just reason for delay and the entry of this Judgment expressly is hereby directed.  In the event that this Judgment is appealed, its mandate will automatically be stayed until and unless the Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

18.    This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter Judgment thereon.

19.    Class Representatives are each granted a service award in the amount of $2,500.00.  This amount shall be paid by the Settlement Administrator by checks made payable to each Class Representative and delivered to Class Counsel's office: Kemnitzer, Barron & Krieg, LLP at 445 Bush Street, Floor 6, San Francisco, CA 94108 within  ten (10) days after the Distribution Date, as that term is defined in the Settlement Agreement.

20.    Plaintiffs are entitled to an award of attorneys' fees, costs and expenses pursuant to Civil Code §2983.4 and Code of Civil Procedure §1021.5.  The $1,365,000 cap of the award for attorneys' fees, costs and expenses was determined in mediation before an experienced mediator who is a retired judge.  The Court finds that an award of $1,365,000 is reasonable and appropriate under all of the circumstances presented.  The hourly rates and time expended upon which Plaintiffs lodestar is based are fully supported by the record, consistent with the rates charged by attorneys with similar qualifications, skills, and experience, and reasonable for

5

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL120305.DOC

litigation of this type. The cap of the award was determined in mediation before an experienced mediator who is a retired judge, and is reasonable compared to the benefits conferred, representing a fraction of the $46 million in claim deficiency balances which Citizens has agreed not to collect. Accordingly, Class Counsel are awarded reasonable attorneys' fees, costs and expenses totaling $1,365,000. This amount shall be paid by the Settlement Administrator by check made payable to Kemnitzer, Barron, & Krieg, LLP and delivered to Class Counsel's office located at Kemnitzer, Barron & Krieg, LLP 445 Bush Street, Floor 6, San Francisco, CA 94108 within ten (10) days after the Distribution Date, as that term is defined in the Settlement Agreement. Kemnitzer, Barron & Krieg, LLP shall distribute the award among the Class Counsel pursuant to their separate agreement.

~~21.   Any and all objections to the Settlement and the Settlement Agreement are overruled as being without merit.~~ As noted, the Court has issued a separate order addressing the Objection/Exclusion filed by Antonio Navarette.

22.   In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void.

23.   The Parties are directed to carry out their obligations under the Settlement Agreement.

24.   Neither this Order nor the Settlement Agreement on which is it based are an admission or concession by any party of any fault, omission, liability, or wrongdoing. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by any party. The final approval of the Parties' settlement will not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims or defenses of any party.

6

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL120305.DOC

25.     Jurisdiction is hereby reserved by this Court to assure compliance with all terms

of this Settlement, accordance with the Settlement Agreement and this Order.

**SO ORDERED**

Dated: __December 14__ , 2012

_Jeffrey S. White_

The Honorable Jeffrey S. White
United States District Judge

7

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL120305.DOC

<u>**EXHIBIT 1**</u>

LIST OF CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

James B. Browne
Antonio Navarrette

8

Exhibit_C_-_Proposed_Final_Order_and_Judgment_FINAL.120305.DOC